# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION


SHAYLA L. SIMPSON                                                    PLAINTIFF


V.S.                                        CIVIL ACTION NO. 3:19-CV-629-RGJ


LOUISVILLE METRO GOVERNMENT                                DEFENDANTS
  Doing Business As Louisville Metro Police Department; and
  Doing Business as Louisville Metro Department of Corrections


  SERVE:  GREG FISHER
       LOUISVILLE METRO HALL
       527 WEST JEFFERSON STREET, 4TH FLOOR
       LOUISVILLE, KY 40202
       and

OFFICER JOHN D. GREEN
  In his individual capacity and
  In his official capacity as a Louisville Metro Police Detective


  SERVE:  OFFICER JOHN GREEN (6TH Precinct)
       LOUISVILLE METRO DIVISION OF POLICE
       633 WEST JEFFERSON STREET
       LOUISVILLE, KY 40202
and

OFFICER PAYVAND RAKHSHAN
  In his individual capacity and
  In his official capacity as a Louisville Metro Police Officer


  SERVE:  OFFICER PAYVAND RAKHSHAN
       LOUISVILLE METRO DIVISION OF POLICE
       633 WEST JEFFERSON STREET
       LOUISVILLE, KY 40202


  In his official capacity as a Louisville Metro Corrections Department


and

DOES 1-20, inclusive

(UNKNOWN DEFENDANT CORRECTIONS EMPLOYEES & OFFICERS)
In their individual capacities
In their official capacities as Louisville Metro Corrections Employees and Officers

## FIRST AMENDED COMPLAINT AND
## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Shalya L. Simpson, and for her complaint against all of the

Defendants named herein, she hereby states the following:

## INTRODUCTION

This civil rights action seeks compensatory and punitive damages from the Defendants that while acting under the color of state law violated various rights of the Plaintiff under the United States Constitution and state law in connection with the wrongful arrest, wrongful imprisonment, battery and malicious prosecution of the Plaintiff who is African-American when another individual was responsible culprit who was a Caucasian female.

## JURISDICTION AND VENUE

Jurisdiction is proper in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, et. seq.

This Court has supplemental jurisdiction of the pendent state law claims under 28 U.S.C. § 1367(a).

The amount in controversy exceeds the jurisdiction amount of $75,000 excluding interest and costs.

Venue is proper in the Western District of Kentucky because the acts or omissions which for the basis of the Plaintiff's claims occurred in Louisville, Jefferson County, Kentucky within the Western District.

## PARTIES

1.  That the Plaintiff, Shayla Simpson (hereinafter "Plaintiff" or "Simpson"),an African-American female, is a Louisville, Jefferson County, Kentucky resident which is located within the jurisdiction of the Western District of Kentucky.

2. That that the Defendant, Louisville Metro Government (hereinafter "Louisville Metro") is a result of the merged former governments of Jefferson County and the City of Louisville pursuant to KRS 67C.101. Due to the merged government, Louis Metro is sui generis and the real party in interest to each of its departments/agencies, including the Louisville Metro Police Department (hereinafter "LMPD") and the Louisville Metro Department of Corrections (hereinafter "LMDC").

3. That Louisville Metro through its agencies and departments employed the other defendants named herein on both the LMPD and the LMDC that are subject to this action and all said defendants were acting under the color of law and within the scope of their employment.

4. That the Defendant, Officer John D. Green (hereinafter "Green") was, at all times relevant hereto, acting under the color of state law in his capacity as a law enforcement officer employed by Defendant Louisville Metro and/or LMPD as a detective. Defendant Green is also sued in his individual capacity.

5. That the Defendant, Officer Payvand Rakhshan (hereinafter "Rakhshan") was, at all times relevant hereto, acting under the color of state law in his capacity as a law enforcement officer employed by Defendant Louisville Metro and/or LMPD. Defendant Rakhshan is also sued in his individual capacity.

6. That the Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, but there are unknown Defendants, believed to be employees, officers and/or agents of LMDC, whose identity and/or responsibility for the unlawful acts set forth below may be ascertained during the course of the litigation in this action. Plaintiff will amend this complaint once their identifies have been ascertained as well as the extent of their involvement of the incidents that occurred to the Plaintiff.

7. The Plaintiff was employed at McDonalds in Louisville, Jefferson County, Kentucky wherein the Plaintiff reported a theft when it was discovered that her deposit was missing from the safe on August 15, 2019.

8. That on the day that the Plaintiff reported the theft, Defendant Green arrived and given the video taped footage of the store surveillance and office where deposits were kept in a safe.

9. That Plaintiff and Defendant Green reviewed the videotape together and could plainly see on the video wherein the Plaintiff placed her deposit into the safe.

10. Plaintiff was denied access to view any other footage as Defendant Green removed all videos from the store and took them with him.

11. The Plaintiff continued to work at her employment.

12. Defendant Green wanted Plaintiff to participate in a polygraph exam approximately a week later and Plaintiff has a constitutional right to decline such examination.

13. When Plaintiff told the Defendant Green that she was not going to take the examination, he appeared at her place of employment with Defendant Rakhshan and arrested the Plaintiff without a warrant and without a written citation.

14. The Plaintiff was surrounded by the officers in front of all of the customers and other employees at McDonalds and she was handcuffed tightly by Detective Green.

15. Defendant Green did not immediately take the Plaintiff to the jail.

16. Defendant Green told McDonalds they needed to fire the Plaintiff even though she had been there for over twenty (20) years.

17. Plaintiff was not released when a determination was made for her to be released from the jail.
18. Plaintiff was denied unemployment and had to cash in her retirement early in order to provide for her family.
19. Plaintiff was unable to obtain employment due to the charges against her.
20. Defendant Green testified during the preliminary hearing and the grand jury proceeding that Plaintiff was the one who committed the theft on the video.
21. The videos showed that it was someone else.
22. The criminal case was dismissed against the Plaintiff once the Plaintiff was able to obtain the videos through the discovery of the criminal case.

## Civil Rights Action (42 U.S.C. § 1983) Violations of Fourth and Fifth Amendment of the US Constitution and Sections 10 and 11 of the Kentucky Constitution against Defendants Green and Rakhshan,

23. Plaintiff has a firmly established right under the Fourth Amendment to be free from unreasonable seizure.
24. Plaintiff has right to be secure in her person, houses, papers, and possession, from unreasonable seizure under Section Ten (10) of the Kentucky Constitution.
25. Defendant Green and Defendant Rakhshan were at all times acting under the color of law as officers of LMPD.
26. No warrant had been obtained by Defendant Green or Defendant Rakhshan for the arrest of the Plaintiff.
27. Defendant Green had the video in which it indicated whom the perpetrator was that committed the theft which is the subject of the Plaintiff's arrest.
28. The Defendant Green arrested the Plaintiff without probable cause.
29. Defendant Green had the video surveillance in his possession from the Plaintiff's employer.
30. The video surveillance clearly showed a Caucasian Female stealing the money from the safe and placing it in her purse and/or on her person.
31. Defendant Green did not see the Plaintiff commit a crime in his presence.
32. Defendant Green did not have warrant to arrest the Plaintiff when he took the Plaintiff into custody at the Plaintiff's place of employment
33. Defendant Rakhshan accompanied Defendant Green to arrest the Plaintiff.
34. Defendant Rakhshan did not see the Plaintiff commit a crime in his prescence.
35. Defendant Rakshan did not have a warrant to arrest the Plaintiff when the Plaintiff was taken into custody by Defendant Green at the Plaintiff's place of employment.
36. Defendant Green did not even have a citation when he arrested the Plaintiff at the Plaintiff's place of employment.
37. The Fourth Amendment also prohibits unduly tight or excessively forceful handcuffing during the course of a seizure.
38. The Defendant Green, acting under the color of law, handcuffed the Plaintiff during her arrest.
39. The Plaintiff complained of the tightness of the handcuffs to Defendant Green.

40. That the handcuffs were so tight that the Plaintiff was unable to sit down with her hands cuffed behind her back.

41. That Defendant Green handcuffed the Plaintiff in the front and the Plaintiff still complained of the tightness.

42. That Defendant Green ignored the complaints of the tightness of the handcuffs.

43. That as a result of the unduly tight handcuffs placed on the Plaintiff by Defendant Green, the Plaintiff was physically injured which left a scare as a result of the handcuff placement.

44. Plaintiff also has a right to not be compelled to give evidence against herself under the Fifth Amendment of the US Constitution and Section Eleven (11) of the Kentucky constitution.

45. Plaintiff denied the Defendant Green's request to take a lie detector test.

46. As a result of the Plaintiff refusing to take the lie detector test, Defendant Green and Defendant Rakhshan arrested the Plaintiff.

47. Defendant Green told the Plaintiff after she was arrested that if she took the lie detector test, she would be taken back to her place of employment.

48. Plaintiff insisted that she would not take the lie detector test and so Defendant Green said she would be taken to the jail.

49. The jail was unable to immediately take the Plaintiff at the jail because Defendant Green had not completed a citation and he had not completed an arrest warrant for Plaintiff.

50. Plaintiff was not immediately released to the jail by Defendant Green.


## Civil Rights Action (42 U.S.C. 1983) - False Imprisonment Defendant Green and Defendant Does

51. Defendant Does 1-20 intentionally detained the Plaintiff after a determination was made that she was to be released from the jail.

52. Defendant Does at all times was acting under the color of law as employees, officers and/or agents of LMDC.

53. The Plaintiff did not consent to continually being held at the jail and her family was told that she had been released when she was still being detained by the Defendant Does.

54. That once the determination was made by a Judge that the Plaintiff should have been released from the jail, Defendant Does were without authority to continue to imprison the Plaintiff.

55. The continued imprisonment of the Plaintiff violated the Plaintiff's rights and caused the Plaintiff to suffer damages.

56. The Plaintiff was taken into custody by Defendant before 9:00 a.m. and was not released until after midnight the next day.

That Defendant Green and Defendant Does were acting in concert together to hold the Plaintiff
57. at the jail knowing that the Plaintiff should have been released.

### Civil Rights Action (42 U.S.C. 1983) Malicious Prosecution against Defendant Green

58. Defendant Green intentionally and maliciously instituted a legal action against the Plaintiff without probable cause.

59. Defendant Green at all times was acting under the color of law as an officer of LMPD.

60. The criminal case against the Plaintiff was dismissed which resulted in the termination of the charges in the Plaintiff's favor.

61. Defendant Green acted with reckless disregard of the law and of the legal rights of Plaintiff in causing a criminal proceeding to begin.

62. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of the Defendants and suffered injuries as a result of the Defendants' actions.

63. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. 1988, and all applicable federal and state laws and such additional relief as the Court deems just.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff, Shayla L. Simpson, requests entry of judgement in her favor and jointly and severally against the Defendants, Louisville Metro Government, John D. Green, Payvand Rakhshan, Steven Conrad, Mark Bolton, and Does 1- 20, as follows:

1. Judgement for compensatory and consequential damages against all defendants in an amount to be determined at trial;

2. Judgment for punitive damages against all defendants in an amount to be determined at trial;

3. An award of the costs of this action against all defendants, including reasonable attorney's fees, in accordance with 42 U.S.C. §1988;

4. Pre-judgment and post-judgment interest at the lawful rate

5. For any and all other further relief that this Court deems just and proper, and appropriate under the circumstances in which the Plaintiff may be legally entitled to make the Plaintiff whole.1

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury.

DATED:  October 19, 2020                    LAW OFFICES OF FORBUSH-MOSS, PSC

By: /s/ Bethanni Forbush-Moss
Bethanni Forbush-Moss
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that said First Amended Complaint was filed on this 19th day of October 2020 within the electronic filing system of the United States District Court, Western District Court of Kentucky, which will send notification of such filing to all persons registered for this case, including the Defendants' counsel.

DATED:  October 19, 2020                    LAW OFFICES OF FORBUSH-MOSS, PSC

By: /s/ Bethanni Forbush-Moss
Bethanni Forbush-Moss
Attorney for the Plaintiff